Compile

FILED
SUPERIOR COURT
OF GUAM

[....] : 57

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF499-08 |
| | ) |
| | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) (Motion for Judgment of Acquittal and |
| | ) Motion for a New Trial) |
| | ) |
| ARNOLD BLANCO KITANO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 20, 2009, for a hearing on Arnold Blanco Kitano's ("Defendant") Motion Judgment of Acquittal and Motion for a New Trial. Attorney Stephen P. Hattori appeared on behalf of the Defendant. Attorney Kimberli Raines appeared on behalf of the People of Guam ("the People"). Upon review of the evidence, oral and written arguments, and legal authorities presented by both attorneys, the court hereby issues this Decision and Order.

## BACKGROUND

On January 22, 2009, a jury found Defendant guilty of the following: (1) First Degree Criminal Sexual Conduct (as a 1st Degree Felony), and (2) Second Degree Criminal Sexual Conduct (as a 1st Degree Felony). Sentencing was scheduled for February 27, 2009.

On January 28, 2009, Defendant filed Motions for Judgment of Acquittal and for a New Trial. On February 2, 2009, Defendant filed Supplemental Motion for a New Trial. On February 13, 2009, the People filed an Opposition to Defendant's Motion for Judgment of Acquittal and Motion for New Trial. On February 20, 2009, a motion hearing was held and the Court took the matter under advisement. The sentencing hearing scheduled for February 27, 2009 was vacated pending the Court's ruling on Defendant's Motion for Judgment of Acquittal and Motion for a New Trial. The Court now addresses Defendant's Motion for Judgment of Acquittal and Motion for a New Trial.

## DISCUSSION

### I.    Motion for Judgment of Acquittal

Under Guam law, a court "shall order the entry of judgment of acquittal of one or more offenses charged in the indictment . . . after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 G.C.A. § 100.10 (2005). A court must determine whether a judgment of acquittal should be granted by applying the same test used when the sufficiency of the evidence is challenged. People v. Cruz, 1998 Guam 18, ¶ 9. A court reviews the evidence in the light most favorable to the People and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id.

The Court must determine whether there has been sufficient evidence presented at trial for a jury to find Defendant guilty of First Degree Criminal Sexual Conduct. The essential elements in finding a person guilty of the offense of First Degree Criminal Sexual Conduct are: a person (1) intentionally, (2) engages in sexual penetration with the victim, (3) causing personal injury to the victim, and (4) used force or coercion to accomplish the sexual penetration. 9 G.C.A. § 25.15(a)(6). The People have presented the following evidence: that Defendant

intentionally put his penis in Chun Ludwick's ("the Victim") mouth, Jury Trial at 10:19 a.m. (January 15, 2009); pictures of the Victim's body show bruises on her arms and legs, Exhibits 27-32; Defendant told the Victim that if she did not suck on his penis he would rip and kill her, Jury Trial at 10:14 a. m; 10:20 a.m. (January 15, 2009). The Court is satisfied that a rational trier of fact could have found that the Defendant did commit the offense of First Degree Criminal Sexual Conduct beyond a reasonable doubt. Therefore, the Court will deny Defendant's Motion for Judgment of Acquittal.

Next, the Court must determine whether there has been sufficient evidence presented at trial for a jury to find Defendant guilty of Second Degree Criminal Sexual Conduct. The essential elements of Second Degree Criminal Sexual Conduct are: a person (1) intentionally, (2) engages in sexual contact with the victim, (3) causing personal injury to the victim, and (4) uses force or coercion to accomplish the sexual contact. 9 G.C.A. § 25.20(a)(6). The People have presented evidence the following evidence: that Defendant intentionally touched the Victim's breast with his hand, Jury Trial at 10:18 a.m. (January 15, 2009); pictures of the Victim's body show bruises on her arms and legs, Exhibits 27-32; and Defendant told the Victim not to move or he would kill her, Jury Trial. at 10:18 a.m. (January 15, 2009). The Court is satisfied that a rational trier of fact could have found that the Defendant did commit the offense of Second Degree Criminal Sexual Conduct beyond a reasonable doubt. Therefore, the Court will deny Defendant's Motion for Judgment of Acquittal.

## II.    Motion for New Trial

Defendant argued that a new trial is warranted for the following reasons: (1) that the People failed to produce exculpatory evidence, and (2) the Court failed to provide for lesser-included offenses. Defendant's Motion at 2 (January 28, 2009)."The court on motion of a

defendant may grant a new trial to him if required in the interests of justice." 8 G.C.A. § 110.30(a). A trial court may grant a new trial if it concludes that the evidence outweighs "heavily against the verdict that a serious miscarriage of justice may have occurred." People of Guam v. Quinata, 1998 Guam 6, ¶ 16; see United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980). When reviewing a defendant's motion for new trial the court must apply the same test used to challenge the sufficiency of the evidence. People v. Cruz, 1998 Guam 18, ¶ 9. The court reviews the evidence presented against the defendant in the light most favorable to the People to determine whether, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781 (1978). The court is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt . . . ." Quinata, 1998 Guam at 9 (citing Woodby v. Immigration and Naturalization Service, 385 U.S. 276, 282, 87 S.Ct. 483 (1966)).

a. **Brady Violation**

Defendant argued that a new trial is warranted because the People's late production of exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). The suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. Brady, 373 U.S. at 87. The Court finds that the People did not violate Brady when they turned over evidence to Defendant on the eve of trial. Therefore, the Court will deny Defendant's Motion for New Trial.

Defendant argued that Officer Tainatongo's police report contradicted the claims of Officer Tydingco and the Victim that the original description of the assailant included a detailed description of distinguishing tattoos. Defendant's Supplemental to Motion at 1 (February2,

2009). Defendant argued that had this evidence been presented at trial the jury may have looked at the testimony of Officer Tydingco and the Victim with suspicion. Id. Although this may be true, Defendant could have presented this evidence to the jury in his case-in-chief.

On January 15, 2009, the Court issued a Decision and Order on Defendant's Alternative Motion in Limine to Exclude Undisclosed Discovery. In this Decision and Order, the Court found that under People v. Tuncap, 1998 Guam 13, ¶ 25, Defendant suffered prejudice due to the People turning over Officer Tainatongo's police report and photographs taken by Officer Tainatongo on the eve of trial. The Court determined that Defendant was unable to fully prepare for trial due to the disclosure on the eve of trial. Therefore, the Court excluded Officer Tainatongo's field notes and Photographs. The People were prevented from introducing Officer Tainatongo's police report or photographs as evidence during trial.

On January 20, 2009, Defendant filed a Motion in Limine to Admit Testimony of Officer Tainatongo for a limited purpose. On January 21, 2009, the Court issued a Decision and Order on Defendant's Motion. In the Decision and Order, the Court found that Officer Tainatongo's testimony could not be limited under Guam Rule of Evidence Rule 106 – the rule of completeness. The Court ruled that if Officer Tainatongo was going to testify concerning his police report, then the entire report and all photographs must come in.

This Court never prevented Defendant from calling Officer Tainatongo to testify. The Court only ruled that Officer Tainatongo's testimony could not be use for a limited. In fact, Defendant withdrew his motion when the Court indicated that if Officer Tainatongo was called as a witness the police report and photographs would come in pursuant to Guam Rule of Evidence 106. Motion Hearing at 2:03 p.m. (January 20, 2009). Defendant during his case-in-

chief had every opportunity to call Officer Tainatongo as a witness. It was Defendant who chose not to call Officer Tainatongo to the stand.

The Court finds no Brady violation. The People did not suppress any exculpatory evidence; in fact, it was turned over to Defendant before trial began. There was no indication that the People had intended to conceal Officer Tainatongo's police report or photographs. Motion Hearing at 2:00 p.m. (January 12, 2009). The Court excluded Officer Tainatongo's police report and photographs at the behest of Defendant. Although the Court denied Defendant the use of Officer Tainatongo's testimony for a limited purpose, Defendant was still free to call him as a witness. Defendant had an opportunity to call Officer Tainatongo as witness and chose not to. Therefore, Defendant the Court will deny Defendant's Motion for a New Trial.

**b.      Alleged Instruction Error**

Defendant argued the Court failed to instruct the jury that harassment and assault with the intent to commit criminal sexual conduct and assault were lesser-included offenses of First Degree Criminal Sexual Conduct and Second Degree Criminal Sexual Conduct. Defendant's Motion at 4 (January 28, 2009). Defendant asked the Court to set aside the guilty verdicts and order a new trial to avoid the miscarriage of justice. Id. In the People v. Perez, 1999 Guam 2, the Supreme Court of Guam provided the test for whether a defendant is entitled to an instruction on a lesser-included offense. "[T]he defendant must demonstrate that (1) the lesser included offense is within the offense charged, and (2) based on the evidence presented at trial, a rational jury could find the defendant guilty of the lesser offense but not the greater." Id. at ¶ 24 (citing United States v. Wagner, 834 F.2d 1474, 1487 (9th Cir. 1987)). A trial court is required to issue an instruction when there is a rational basis for acquitting the defendant of the offense charged and

convicting him of the included offense. <u>Angoco v. Bitanga</u>, 2001 Guam 17, ¶ 12 (citing <u>Perez</u>, 199 Guam at ¶ 24); <u>see</u> 8 G.C.A. § 90.27 (2005).

A lesser-included offense is defined in 8 G.C.A. § 105.58 as follows:

Guilt of Included Offense Permitted: Defined
(a) The jury, or the judge if a trial is waived, may find the defendant guilty of any offense, the commission of which is included in that with he is charged.
(b) An offense is included under Subsection (a) when:
(1) It is established by proof of the same or less that all the facts required to establish the commission of the offense charged;
(2) It is consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or
(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

8 G.C.A. § 105.58 (2005). The elements of First Degree Criminal Sexual Conduct are: a person (1) intentionally, (2) engages in sexual penetration with the victim, (3) causing personal injury[1] to the victim, and (4) used force or coercion to accomplish the sexual penetration. 9 G.C.A. § 25.15(a)(6). The elements of Second Degree Criminal Sexual Conduct are: a person (1) intentionally, (2) engages in sexual contact with the victim, (3) causing personal injury[2] to the victim, and (4) uses force or coercion to accomplish the sexual contact. 9 G.C.A. § 25.20(a)(6).

**i. Assault with the Intent to Commit Criminal Sexual Conduct**

Defendant argued that the offense of Assault with the Intent to Commit Criminal Sexual Conduct is a lesser-included offense of First Degree Criminal Sexual Conduct. The Court disagrees. The Court must first look to whether it has been established that by proof of the same or less that all the facts required to establish the commission of the offense charged. 8 G.C.A. § 105.58(b)(1). The elements of Assault with the Intent to Commit Criminal Sexual Conduction are: a person (1) recklessly, (2) causes or attempts to cause bodily injury to another, and (3) with

---

[1] Personal injury means bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease or loss or impairment of sexual or reproductive organ. 9 G.C.A. § 25.10

[2] Personal injury means bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease or loss or impairment of sexual or reproductive organ. 9 G.C.A. § 25.10

the intent to commit criminal sexual conduct involving penetration. But for the underlying "engaging in sexual penetration with a victim" and the use of "force and coercion to accomplish the sexual penetration," Assault with the Intent to Commit Criminal Sexual Conduct shares the element of causing personal injury. Since First Degree Criminal Sexual Conduct and Second Degree Criminal Sexual Conduct share the elements of personal injury, then Assault with the Intent to Commit Criminal Sexual Conduct would be a lesser-included offense for both charges under 8 G.C.A § 105.58(b)(1).

But the analysis does not end there the court must then look at the evidence presented at trial and determine whether a rational jury could find the defendant guilty of the lesser offense and not the greater. Perez, 1999 Guam at ¶ 24. A trial court must instruct a jury of a lesser-included offense when there is a rational basis for acquitting the defendant of the offense charged and convicting him of the included offense. Angoco, 2001 Guam at ¶ 12. The issue becomes whether a jury could have rationally acquitted the Defendant of First Degree Criminal Sexual Conduct and convict him of Assault with the Intent to Commit Criminal Sexual Conduct. See Id. at 14. The definitive question becomes: if there was substantial evidence that the "engaging in sexual penetration with a victim" and the use of "force and coercion to accomplish the sexual penetration" did not occur, then there would be a rational basis for the jury to conclude that Defendant was not guilty of First Degree Criminal Sexual Conduct but he was guilty of Assault with the Intent to Commit Criminal Sexual Conduct. The Court finds that there is no rational basis that a jury could find the Defendant not guilty of First Degree Criminal Sexual Conduct. Id. at 14.

Turning to the evidence, it is plain to see that Defendant was indicted for First Degree Criminal Sexual Conduct. During the trial, the People provided testimony of the victim

Defendant had put his penis in the mouth of the Victim. Jury Trial at 10:19 a.m. (January 15, 2009) The People also provided testimony of the Victim that Defendant that if she did not suck on his penis he would rip and kill her, Id. at 10:14 a. m; 10:20 a.m.

The only evidence presented that a jury could have used to acquit Defendant of the charge of First Degree Criminal Sexual Conduct was testimony of Maria Cruz, Defendant's mother, stating that Defendant was at home at the time the alleged crime was committed. Id. at 2:58 p.m. (January 20, 2009). If the jury were to believe Maria Cruz's testimony the jury could not have found the Defendant guilty of the lesser-included crime of Assault with the Intent to Commit Criminal Sexual Conduct because Defendant was at home at the time the crime was committed. The Court finds that there is no substantial evidence that the "engaging penetration with a victim" and the use of "force and coercion to accomplish the sexual penetration" did not occur, and there would be a no rational basis for the jury to conclude that Defendant was not guilty of First Degree Criminal Sexual Conduct, but guilty of Assault with the Intent to Commit Criminal Sexual Conduct.

Next, the Court must also determine whether a jury could have rationally acquitted the Defendant of Second Degree Criminal Sexual Conduct and convict him of Assault with the Intent to Commit Criminal Sexual Conduct. See Angoco, 2001 Guam at ¶ 14. The definitive question becomes: if there was substantial evidence that the "engaging in sexual contact with a victim" and the use of "force and coercion to accomplish the sexual contact" did not occur, then there would be a rational basis for the jury to conclude that Defendant was not guilty of Second Degree Criminal Sexual Conduct but he was guilty of Assault with the Intent to Commit Criminal Sexual Conduct. The Court finds that there is no rational basis that a jury could find the Defendant not guilty of Second Degree Criminal Sexual Conduct. Id. at 14.

The Defendant was indicted for Second Degree Criminal Sexual Conduct. During the trial, the People provided testimony of the victim Defendant touched the Victim's breast with his hand. Jury Trial at 10:18 a.m. (January 15, 2009). The People also provided testimony of the Victim that Defendant told her that if she moved he would kill her,]. Id.

Again, the only evidence presented to the jury that could be used to acquit Defendant of the charge of Second Degree Criminal Sexual Conduct was testimony of Maria Cruz, Defendant's mother, stating that Defendant was at home at the time the alleged crime was committed. Id. at 2:58 p.m. (January 20, 2009). If the jury were to believe Maria Cruz's testimony the jury could not have found the Defendant guilty of the lesser-included crime of Assault with the Intent to Commit Criminal Sexual Conduct because Defendant was at home at the time this crime was committed. The Court finds that there is no substantial evidence that the "engaging in sexual contact" and the use of "force and coercion to accomplish the sexual contact" did not occur, and there would be a no rational basis for the jury to conclude that Defendant was not guilty of Second Degree Criminal Sexual Conduct, but guilty of Assault with the Intent to Commit Criminal Sexual Conduct.

Moreover, the Court finds that any lesser-included offenses of the charges of First Degree Criminal Sexual Conduct and Second Degree Criminal Sexual Conduct – which fall under 8 G.C.A. § 105.58(b)(1) – would not pass the rational basis test because Defendant's defense was an alibi provided by Maria Cruz, and the jury, as the trier of fact, chose to believe the Victim's testimony and not to believe Maria Cruz. Therefore, the Court will deny Defendant's Motion for a New Trial.

//

//

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion for Judgment of Acquittal and Motion for a New Trial.

A further proceeding is scheduled for May 4, 2009 at 10:00 a.m. to set a sentencing date.

**SO ORDERED** this ___16___ day of ___April___, 2009.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam

APR 1 6 2009

James R. Borja

The People of Guam vs. Kitano, CF499-08
Decision and Order – Motion for Judgment of Acquittal and Motion for a New Trial

Page 11 of 11